UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

TINA ANN DEYO MEJIA,

              Plaintiff,

v.                                                      1:15-CV-1279
                                                                            (GTS/WBC)
COMMISSIONER OF SOCIAL SECURITY,

              Defendant.
_____

APPEARANCES:                                            OF COUNSEL:

OFFICE OF PETER M. MARGOLIUS                            PETER MARGOLIUS, ESQ.
  Counsel for Plaintiff
7 Howard St.
Catskill, NY 12414

U.S. SOCIAL SECURITY ADMIN.                             SIXTINA FERNANDEZ, ESQ.
OFFICE OF REG'L GEN. COUNSEL – REGION II
  Counsel for Defendant
26 Federal Plaza – Room 3904
New York, NY 10278

William B. Mitchell Carter, U.S. Magistrate Judge,

## REPORT and RECOMMENDATION

      This matter was referred for report and recommendation by the Honorable Judge

Suddaby, Chief United States District Judge, pursuant to 28 U.S.C. § 636(b) and Local

Rule 72.3(d). (Dkt. No. 11.) This case has proceeded in accordance with General

Order 18.

      Currently before the Court, in this Social Security action filed by Tina Ann Deyo

Mejia ("Plaintiff") against the Commissioner of Social Security ("Defendant" or "the

Commissioner") pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3), are the parties' cross-

motions for judgment on the pleadings. (Dkt. Nos. 9, 10.) For the reasons set forth below, it is recommended that Plaintiff's motion be denied and Defendant's motion be granted.

**I.      RELEVANT BACKGROUND**

**A.      Factual Background**

Plaintiff was 38 years old on the date of application. (T. 52.) She completed high school and some college. (T. 40-41.) Generally, Plaintiff's alleged disability consists of diabetes, bilateral knee impairments, anxiety, asthma, chest pain, hiatal hernia, and fatty liver disease. (T. 145.) Her alleged disability onset date is August 1, 2004. (T. 52.) She has no past relevant work.

**B.      Procedural History**

On May 25, 2012, Plaintiff applied for Supplemental Security Income ("SSI") under Title XVI of the Social Security Act. (T. 52.) Plaintiff's application was initially denied, after which she timely requested a hearing before an Administrative Law Judge ("the ALJ"). On November 13, 2013, Plaintiff appeared before the ALJ, Carl E. Stephan. (T. 36-51.) On April 3, 2014, ALJ Stephan issued a written decision finding Plaintiff not disabled under the Social Security Act. (T. 15-32.) On August 27, 2015, the Appeals Council ("AC") denied Plaintiff's request for review, rendering the ALJ's decision the final decision of the Commissioner. (T. 7-12.) Thereafter, Plaintiff timely sought judicial review in this Court.

**C.      The ALJ's Decision**

Generally, in his decision, the ALJ made the following five findings of fact and conclusions of law. (T. 20-28.) First, the ALJ found that Plaintiff had not engaged in

substantial gainful activity since May 25, 2012. (T. 20.) Second, the ALJ found that Plaintiff had the severe impairments of diabetes mellitus, knee derangement, asthma, panic disorder without agoraphobia, and dysthymic disorder. (*Id.*) Third, the ALJ found that Plaintiff did not have an impairment that meets or medically equals one of the listed impairments located in 20 C.F.R. Part 404, Subpart P, Appendix. 1. (T. 20-21.) Fourth, the ALJ found that Plaintiff had the residual functional capacity ("RFC") to:

> lift and carry 10 pounds frequently and 20 pounds occasionally; sit for 8 hours with normal breaks; stand ten to fifteen minutes without interruption for a total of 30 minutes in an 8 hour workday, walk 10 minutes without interruption for a total of 20 minutes in an 8 hour workday; frequently reach overhead bilaterally and occasionally reach in all other directions bilaterally; frequently use her bilateral feet to operate foot controls; never climb ladders or scaffolds, stoop, kneel, crouch, or crawl; occasionally climb stairs, ramps, and balance; never work around unprotected heights, moving mechanical parts, humidity and wetness, dust, fumes, pulmonary irritants, and vibrations; and, never be exposed to extremes of temperature; but can frequently operate a motor vehicle. Finally, [Plaintiff] can perform simple, routine work; make simple work related decisions; understand, remember and carry out complex instructions with supervision; frequently but not constantly interact with others; and, work in an environment with occasional changes in the work setting.

(T. 21.) Fifth, the ALJ determined that Plaintiff had no past relevant work; however, there were jobs that existed in significant numbers in the national economy Plaintiff could perform. (T. 27-28.)

## II.    THE PARTIES' BRIEFINGS ON PLAINTIFF'S MOTION

### A.    Plaintiff's Arguments

Plaintiff makes one argument in support of her motion for judgment on the pleadings. Plaintiff argues the ALJ's RFC determination was not supported by substantial evidence because the ALJ failed to include all of the limitations imposed by

3

Plaintiff's treating source to whom he afforded substantial weight. (Dkt. No. 9 at 3-6 [Pl.'s Mem. of Law].)

### B. Defendant's Arguments

In response, Defendant makes one argument. Defendant argues the ALJ properly evaluated the medical opinions of the record. (Dkt. No. 10 at 5-11 [Def.'s Mem. of Law].)

## III. RELEVANT LEGAL STANDARD

### A. Standard of Review

A court reviewing a denial of disability benefits may not determine de novo whether an individual is disabled. *See* 42 U.S.C. §§ 405(g), 1383(c)(3); *Wagner v. Sec'y of Health & Human Servs.*, 906 F.2d 856, 860 (2d Cir. 1990). Rather, the Commissioner's determination will only be reversed if the correct legal standards were not applied, or it was not supported by substantial evidence. *See Johnson v. Bowen*, 817 F.2d 983, 986 (2d Cir. 1987) ("Where there is a reasonable basis for doubt whether the ALJ applied correct legal principles, application of the substantial evidence standard to uphold a finding of no disability creates an unacceptable risk that a claimant will be deprived of the right to have her disability determination made according to the correct legal principles."); *Grey v. Heckler*, 721 F.2d 41, 46 (2d Cir. 1983); *Marcus v. Califano*, 615 F.2d 23, 27 (2d Cir. 1979).

"Substantial evidence" is evidence that amounts to "more than a mere scintilla," and has been defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401, 91 S. Ct. 1420, 1427 (1971). Where evidence is deemed susceptible to more than one rational

interpretation, the Commissioner's conclusion must be upheld. *See Rutherford v. Schweiker*, 685 F.2d 60, 62 (2d Cir. 1982).

"To determine on appeal whether the ALJ's findings are supported by substantial evidence, a reviewing court considers the whole record, examining evidence from both sides, because an analysis of the substantiality of the evidence must also include that which detracts from its weight." *Williams v. Bowen*, 859 F.2d 255, 258 (2d Cir. 1988).

If supported by substantial evidence, the Commissioner's finding must be sustained "even where substantial evidence may support the plaintiff's position and despite that the court's independent analysis of the evidence may differ from the [Commissioner's]." *Rosado v. Sullivan*, 805 F. Supp. 147, 153 (S.D.N.Y. 1992). In other words, this Court must afford the Commissioner's determination considerable deference, and may not substitute "its own judgment for that of the [Commissioner], even if it might justifiably have reached a different result upon a de novo review." *Valente v. Sec'y of Health & Human Servs.*, 733 F.2d 1037, 1041 (2d Cir. 1984).

### B. Standard to Determine Disability

The Commissioner has established a five-step evaluation process to determine whether an individual is disabled as defined by the Social Security Act. *See* 20 C.F.R. § 416.920. The Supreme Court has recognized the validity of this sequential evaluation process. *See Bowen v. Yuckert*, 482 U.S. 137, 140-42, 107 S. Ct. 2287 (1987). The five-step process is as follows:

> (1) whether the claimant is currently engaged in substantial gainful activity; (2) whether the claimant has a severe impairment or combination of impairments; (3) whether the impairment meets or equals the severity of the specified impairments in the Listing of Impairments; (4) based on a 'residual functional capacity' assessment, whether the claimant can perform any of his or her past relevant work despite the impairment; and

(5) whether there are significant numbers of jobs in the national economy that the claimant can perform given the claimant's residual functional capacity, age, education, and work experience.

*McIntyre v. Colvin,* 758 F.3d 146, 150 (2d Cir. 2014).

## IV.   ANALYSIS

### A.   The ALJ's Mental RFC Determination

Plaintiff's RFC is the most she can still do despite her limitations. 20 C.F.R. § 416.945(a)(1). In making an RFC determination, the ALJ will base his determination on an assessment of all the relevant evidence in the case record. *See id.* Further, Plaintiff's RFC is her maximum remaining ability to do sustained work activities in an ordinary setting on a regular and continuing basis. *See id.* at § 416.945(b)-(c). "A regular and continuing basis means eight hours a day, for five days a week, or an equivalent work schedule." *Pardee v. Astrue*, 631 F. Supp. 2d 200, 210 (N.D.N.Y. 2009).

In formulating an RFC the ALJ will afford weight to the medical opinion evidence in the record. The relevant factors considered in determining what weight to afford an opinion include the length, nature and extent of the treatment relationship, relevant evidence which supports the opinion, the consistency of the opinion with the record as a whole, and the specialization (if any) of the opinion's source. 20 C.F.R. § 416.927(c)(1)-(6).

The opinion of a treating source will be given controlling weight if it "is well supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in [the] case record." 20 C.F.R. § 416.927(c)(2).

6

The following factors must be considered by the ALJ when deciding how much weight the treating source opinion should receive, even if it is not given controlling weight: "(i) the frequency of examination and the length, nature, and extent of the treatment relationship; (ii) the evidence in support of the opinion; (iii) the opinion's consistency with the record as a whole; and (iv) whether the opinion is from a specialist." 20 C.F.R. § 416.927(c)(2)(i)-(iv). The ALJ is required to set forth his reasons for the weight he assigns to the treating physician's opinion. *Id.*, *see also* SSR 96-2p, 1996 WL 374188 (July 2, 1996); *Shaw v. Chater*, 221 F.3d 126, 134 (2d Cir. 2000) (quoting *Clark v. Comm'r of Soc. Sec.*, 143 F.3d 115, 118 (2d Cir. 1998)).

Three sources provided functional limitations based on Plaintiff's mental impairments. Plaintiff's treating physician, William Browne, M.D. provided a medical source statement dated May 16, 2013. (T. 394-396.) Therein, Dr. Browne concluded that Plaintiff had mild limitations in her ability to: make judgments on simple work-related decisions; interact appropriately with the public; and interact appropriately with supervisors. (T. 394-395.) Dr. Browne opined that Plaintiff had moderate limitations in her ability to: understand and remember simple instructions; carry out simple instructions; understand and remember complex instructions; carry out complex instructions; and interact appropriately with co-workers. (*Id.*) Dr. Browne stated that Plaintiff had marked limitations in her ability to: make judgments on complex work-related decisions and respond appropriately to usual work situations and to changes in a routine work setting. (*Id.*)

7

Dr. Browne wrote that Plaintiff becomes panicked easily, "especially in and around others" and that she "cannot work around others . . . [she] requires quiet and cannot be in room that is closed with others or panic ensues." (T. 394-395.)

On September 5, 2012, Brett T. Hartman, Psy.D. performed a psychiatric consultative evaluation. (T. 365-368.) Dr. Hartman opined in a medical source statement that Plaintiff was able to follow and understand simple directions, able to make appropriate decisions, had a fair ability to learn new tasks, had mild difficulty maintaining attention and concentration, and had mild difficulty maintaining a regular schedule. (T. 367.) He opined that Plaintiff was likely to have problems performing a variety of tasks given her stated physical concerns. (*Id.*) Dr. Hartman opined that Plaintiff had mild difficulty relating adequately with others and moderate problems dealing appropriately with the normal stressors of life. (T. 367-368.)

On September 13, 2012, State agency medical consultant, Howard Ferrin, Ph.D., completed a mental capacities evaluation. (T. 70-72.) Dr. Ferrin opined that based on his review of the record, Plaintiff was able to understand and remember instructions, sustain attention and concentration for tasks, relate adequately to others in a low contact setting, and adapt to changes. (T. 72.)

In formulating his mental RFC determination the ALJ afforded Dr. Browne's opinion "substantial weight" reasoning that he was Plaintiff's treating physician with a long-standing treatment history. (T. 25.) The ALJ afforded Dr. Hartman's opinion "significant weight" because he evaluated Plaintiff and his opinion was consistent with his evaluation. (T. 26.) The ALJ afforded Dr. Ferrin's opinion "substantial weight"

8

because he is a psychologist with expertise Social Security law and regulations and had an opportunity to review all of Plaintiff's available records.  (T. 26-27.)

As an initial matter, Plaintiff does not dispute any portion of the ALJ's physical RFC determination and only challenges the ALJ's mental RFC determination.  (Dkt. No. 9 [Pl.'s Mem. of Law].)  Plaintiff argues that the ALJ erred in his mental RFC determination because he failed to adhere to the treating physician rule because he provided no rationale for rejecting Dr. Browne's opinion that Plaintiff had moderate and marked limitations in certain areas of functioning.  (*Id.* at 3-5 [Pl.'s Mem. of Law].)[1]

For the reasons stated herein, the ALJ did not err in his evaluation of Dr. Browne's opinion and his mental RFC determination was supported by substantial evidence.

First, contrary to Plaintiff's assertion, the ALJ's RFC determination was consistent with Dr. Browne's findings that Plaintiff had moderate limitations in understanding, remembering and carrying out simple and complex instructions and interacting with co-workers.  The Second Circuit has held that moderate limitations in work related functioning does not significantly limit, and thus prevent, a plaintiff from performing unskilled work.  *Zabala v. Astrue*, 595 F.3d 402, 410 (2d Cir. 2010) ("None of the clinicians who examined [plaintiff] indicated that she had anything more than moderate limitations in her work-related functioning, and most reported less severe limitations."); see *Whipple v. Astrue*, 479 Fed. App'x. 367, 370 (2d Cir. 2012) (consultative examiners' findings that plaintiff's depression caused moderate limitations

---

[1]  Plaintiff cites to the "treating physician rule" located in the Regulations at 20 C.F.R. § 416.927(d)(2) throughout her brief.  (*see generally* Dkt. No. 9 [Pl.'s Mem. of Law].)  The "treating physician rule" is now located at 20 C.F.R. § 416.927(c)(2).  The change was effective March 26, 2012, due to a regulatory change that did not affect the substantive language of that section of the Regulation.  77 Fed. Reg. 10651-10657 (Feb. 23, 2012).

in social functioning ultimately supported the ALJ's determination that plaintiff was capable of performing work that involved simple tasks and allowed for a low-stress environment); *Saxon v. Colvin*, No. 13-CV-165, 2015 WL 3937206, at *6 (W.D.N.Y. June 26, 2015) ("The ALJ considered the functional limitations suggested by the medical evidence, including plaintiff's moderate limitation in the ability to learn new tasks, perform complex tasks, make appropriate decisions, relate adequately with others, and deal with stress. These limitations are incorporated into the RFC, which limits plaintiff to simple routine tasks in a low stress, low contact environment.").

Therefore, the ALJ's mental RFC was consistent with Dr. Browne's opinion that Plaintiff had moderate limitations in functioning because moderate limitations would not necessarily preclude Plaintiff from performing simple, routine, repetitive, low stress work.

Second, the ALJ's RFC determination was also consistent with Dr. Browne's opinion that Plaintiff had a marked limitation in her ability to make complex work-related decisions. (T. 394.) The ALJ limited Plaintiff to "simple work related decisions." (T. 21.) Therefore, the ALJ's mental RFC was consistent with Dr. Browne's opinion that Plaintiff had a marked limitation in making judgment on complex work-related decisions because the ALJ limited Plaintiff to simple work decisions.

Third, it is apparent from the ALJ's determination that he relied on the medical opinions of Dr. Hartman and Dr. Ferrin in making his determination that Plaintiff could work in an environment with occasional changes.

Dr. Browne opined that Plaintiff had a marked limitation in her ability to respond appropriately to usual work situations and to changes in a routine work setting. (T.

395.) The ALJ's RFC determination limited Plaintiff to a work environment with "occasional changes." (T. 21.) To be sure, the ALJ did not outline in his determination his rational for not adopting this specific portion of Dr. Browne's opinion. However, the Second Circuit has held that "[a]n ALJ need not recite every piece of evidence that contributed to the decision, so long as the record permits us to glean the rationale of an ALJ's decision." *Cichocki v. Astrue*, 729 F.3d 172, 178 n.3 (2d Cir. 2013) quoting *Mongeur v. Heckler*, 722 F.2d 1033, 1040 (2d Cir. 1983); *see also Salmini v. Comm'r of Soc. Sec.,* 371 F. App'x 109, 112-113 (2d Cir. 2010) (although the ALJ could have been more specific in outlining his rational, other portions of the decision demonstrated that substantial evidence supported his determination).

In addition, an ALJ does not have to strictly adhere to the entirety of one medical source's opinion. *See Matta v. Astrue*, 508 F. App'x 53, 56 (2d Cir. 2013) ("Although the ALJ's conclusion may not perfectly correspond with any of the opinions of medical sources cited in his decision, he was entitled to weigh all of the evidence available to make an RFC finding that was consistent with the record as a whole."), *see also Zongos v. Colvin*, No. 12-CV-1007, 2014 WL 788791, at *9 (N.D.N.Y. Feb. 25, 2014) (finding that it was within the ALJ's discretion to afford weight to a portion of a treating physician's opinion but not to another portion).

Here, the ALJ's rationale for his determination, that Plaintiff could work in an environment with occasional changes in the work setting, was clear from his decision and supported by substantial evidence. Dr. Hartman opined that Plaintiff would have "mild difficulty" maintaining a regular schedule. (T. 367.) Dr. Ferrin opined that Plaintiff could adapt to changes. (T. 72.) The opinion of a treating physician is not binding if it is

contradicted by substantial evidence, and a consulting physician report may constitute such evidence. *Mongeur*, 722 F.2d at 1039; *see also Snyder v. Colvin*, No. 15-CV-3502, 2016 WL 3570107, at *1 (2d Cir. June 30, 2016). It is apparent from the ALJ's decision that he relied on Dr. Hartman's and Dr. Ferrin's opinion in concluding that Plaintiff was capable of working in an environment with occasional changes.

It is recommended that the ALJ's mental RFC determination be upheld. For the reasons stated herein, the ALJ's mental RFC determination was supported by substantial evidence and the ALJ did not err in his assessment of Dr. Browne's opinion. **ACCORDINGLY**, based on the findings above, it is

**RECOMMENDED**, that the Commissioner's decision be **AFFIRMED**, and the Plaintiff's complaint **DISMISSED.**

Pursuant to 28 U.S.C. § 636 (b)(1) and Local Rule 72.1(c), the parties have **FOURTEEN (14) DAYS** within which to file written objections to the foregoing report. Any objections shall be filed with the Clerk of the Court. **FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN DAYS WILL PRECLUDE APPELLATE REVIEW**. *Roldan v. Racette*, 984 F.2d 85, 89 (2d Cir. 1993) (citing *Small v. Secretary of Health and Human Services*, 892 F.2d 15 (2d Cir. 1989)); 28 U.S.C. § 636 (b)(1); Fed. R. Civ. P. 6(a), 6(e), 72.

Dated: March 1, 2017

_William B. Mitchell Carter_
William B. Mitchell Carter
U.S. Magistrate Judge